UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
SIMCHE STEINBERGER, as Executor of the last Will  :
and Testament and Estate of TIBOR STEINBERGER,

        Plaintiff,

   -against-

JACK LEFKOWITZ, BLUMA LEFKOWITZ,
MASKIL EL-DAL, INC., CARE TO CARE
MANAGEMENT, LLC, MAIMONIDES MEDICAL
SERVICES, LLC, MEDSCAN MOBILE, and "JOHN
DOES" 1 through 10, names being fictitious and
intended to be the person, persons or entities serving as
the nominees or alter egos of the defendants and in
possession of plaintiff's property that is the subject of
this action,

        Defendants

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.:
1:13-cv-05737-SJ-VVP

Hon. Sterling Johnson, Jr.

---

# MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS

---

GARFUNKEL WILD, P.C.
*Attorneys for Defendant Care to Care Management, LLC*
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

Of Counsel:
Roy W. Breitenbach
Michael J. Keane, Jr.

2762675v.2

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

POINT I
    MOTION TO DISMISS STANDARD ......................................................................... 4

POINT II
    PLAINTIFF'S FRAUD CLAIMS ARE CONCLUSORY AND LACK THE
    HEIGHTENED PARTICULARITY ATTENDANT TO FRAUD CLAIMS TO
    AVOID DISMISSAL ..................................................................................................... 5

POINT III
    PLAINTIFF'S FOURTH COUNT FOR BREACH OF FIDUCIARY DUTY
    SHOULD BE DISMISSED BECAUSE CARE TO CARE DOES NOT OWE THE
    DECEDENT A FIDUCIARY DUTY .............................................................................. 8

POINT IV
    THE THIRD AND FIFTH COUNT FOR AIDING AND ABETTING MUST BE
    DISMISSED ................................................................................................................. 10

POINT V
    PLAINTIFF'S CAUSE OF ACTION FOR A CONSTRUCTIVE TRUST MUST BE
    DISMISSED ................................................................................................................. 12

POINT VI
    PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION MUST BE DISMISSED .......... 13

POINT VII
    PLAINTIFF'S CAUSE OF ACTION FOR UNJUST ENRICHMENT MUST BE
    DISMISSED ................................................................................................................. 13

POINT VIII
    PLAINTIFF'S REQUEST FOR AN ACCOUNTING SHOULD BE DENIED .................... 14

POINT IX
    PLAINTIFF'S CIVIL RICO CLAIMS MUST BE DISMISSED ...................................... 14

POINT X
    PLAINTIFF FAILS TO STATE A CLAIM FOR RICO CONSPIRACY ........................... 20

POINT XI
    PLAINTIFF'S REQUEST FOR A RECEIVER  SHOULD BE DENIED ........................... 21

CONCLUSION .................................................................................................................... 22

2762675v.2

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Albany Ins. Co. v. Esses,*
    831 F.2d 41 (2d Cir. 1987)..................................................................................16

*Amsterdam Tobacco Inc. v. Philip Morris Inc.,*
    107 F. Supp. 2d 210 (S.D.N.Y. 2000).............................................................18

*Anatian v. Coutts Bank Ltd.,*
    193 F.3d 85 (2d Cir. 1999)................................................................................15

*Apace Communications. Ltd. v. Burke,*
    522 F.Supp.2d 509 (W.D.N.Y. 2007)...............................................................7

*Ashcroft v. Iqbal,*
    556 U.S. 662, 129 S.Ct. 1937 (2009)...........................................................4, 6

*Bank v. Brooklyn Law School,*
    2000 WL 1692844 (E.D.N.Y. 2000)...............................................................17

*Banque Arabe et Internationale D'Investissement v. Md. Nat'l Bank,*
    57 F.3d 146 (2d Cir. 1995)..................................................................................5

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 127 S.Ct. 1955 (2007).........................................................4, 5, 6

*Cedric Kushner Promotions, Ltd. v. King,*
    533 U.S. 158 (2001)..........................................................................................18

*Choi v. Kim,*
    2006 WL 3535931 (E.D.N.Y. 2006)...............................................................18

*City of New York v. Smokes- Spirits.com, Inc.,*
    541 F.3d 425 (2d Cir. 2008)............................................................................16

*Cofacredit, S.A. v Windsor Plumbing Supply Co.,*
    187 F.3d 229 (2d Cir. 1999)............................................................................19

*Com-Tech Assocs. v. Computer Assocs. Int'l.,*
    753 F.Supp. 1078 (E.D.N.Y. 1990),
    *aff'd*, 938 F2d 1574 (2d Cir. 1991)................................................................21

*Commercial Cleaning Servs. v. Colin Serv. Sys., Inc.,*
    271 F.3d 374 (2d Cir 2001)..............................................................................16

*Cortec Indus., Inc. v. Sum Holding L.P.,*
  949 F.2d 42 (2d Cir. 1991)........................................................................1

*Crab House of Douglaston Inc. v. Newsday, Inc.,*
  418 F.Supp.2d 193 (E.D.N.Y. 2006) .......................................................20

*De Falco v. Bernas,*
  244 F.3d 286 (2d Cir. 2001)....................................................................19

*De La Pena v. Metro. Life Ins. Co.,*
  2013 WL 3488510 (E.D.N.Y. 2013)......................................................4, 5

*Design Strategy, Inc. v. Davis,*
  469 F.3d 284 (2d Cir. 2006)....................................................................10

*Dexter v. Massey-Ferguson, Ltd.*
  681 F.2d 111,119 (2d Cir. 1982).............................................................10

*DiVittorio v. Equidyne Extractive Indus., Inc.,*
  822 F.2d 1242 (2d Cir. 1987)..................................................................15

*DLJ Mortgage Capital, Inc. v. Kontogiannis,*
  726 F. Supp. 2d 225 (E.D.N.Y. 2010) ....................................................20

*Dooley v. Metro. Jewish Health Sys.,*
  No. 02-CV-4640, 2003 WL 22171876 (E.D.N.Y. July 30, 2003)............7

*FD Property Holding, Inc. v. U.S. Traffic Corp.,*
  206 F. Supp. 2d 362 (E.D.N.Y. 2002) ....................................................20

*First Capital Asset Mgmt., Inc. v. Saintwood, Inc.,*
  385 F3d 159 (2d Cir 2004)................................................................17, 18

*Fortress Credit Corp. v. Alarm One Inc.,*
  511 F. Supp.2d 367 (S.D.N.Y. 2007)......................................................21

*Gregoris Motors v. Nissan Motor Corp. Intl. USA,*
  630 F.Supp. 902 (E.D.N.Y. 1986) .....................................................15, 17

*Hecht v. Commerce Clearing House,*
  897 F.2d 21 (2d Cir. 1990)......................................................................20

*Hefferman v. HSBX Bank USA,*
  2001 WL 803719 (E.D.N.Y. 2001).........................................................18

*Hershey v. Goldstein,*
  2013 WL 1431422 (S.D.N.Y. 2013)......................................................4, 5

iii

*Hoatson v. New York Archdiocese,*
   2007 WL 431098 (S.D.N.Y. 2007) ............................................................................ 19

*In Re Koreag Controle Et Revision S.A.,*
   961 F.2d 341 (2d Cir. 1992) ......................................................................... 8, 12

*In re Oakland Lumber Co.,*
   174 F. 634 (2d Cir. 1909) .......................................................................................... 22

*In re Refco Securities Litigation,*
   503 F.Supp.2d 611 (S.D.N.Y. 2007) ......................................................................... 7

*In re Shulman Transp. Enters., Inc.,*
   744 F.2d 293 (2d Cir. 1984) ....................................................................................... 9

*Jones v. Nat'l Comm'cn and Surveillance Networks,*
   409 F. Supp. 2d 456 (S.D.N.Y.2006) ...................................................................... 15

*Knoll v. Schectman,*
   275 Fed.Appx. 50 (2d Cir.2008) .............................................................................. 20

*Krause v. Forex Exch. Mkt., Inc.,*
   356 F. Supp. 2d 332 (S.D.N.Y. 2005) ..................................................................... 11

*Lerner v. Fleet Bank, N.A.,*
   459 F.3d 273 (2d Cir. 2006) ................................................................................. 6, 11

*LFD Operating, Inc. v. Ames Dep't Stores, Inc.,*
   No. 02 Civ. 6271, 2004 WL 1948754 (S.D.N.Y. Sept. 1, 2004),
   *aff'd,* 144 F. App'x 900 (2d Cir. 2005) ..................................................................... 9

*Lundy v. Catholic Health Sys. of Long Island, Inc.,*
   711 F.3d 106 (2d Cir. 2013) ............................................................................. 14, 15

*Mathon v. Feldstein,*
   303 F. Supp. 2d 317 (E.D.N.Y. 2004) ..................................................................... 15

*Matsumura v. Benihana National Corp.,*
   No. 06 Civ. 7609, 2007 WL 1489758 (S.D.N.Y. May 21, 2007) ............................ 14

*Moore v. PaineWebber, Inc.,*
   189 F.3d 165 (1999) ................................................................................................. 15

*Morin v. Trupin,*
   711 F. Supp. 97 (S.D.N.Y. 1989) ............................................................................ 11

*Moss v. Morgan Stanley, Inc.,*
   719 F.2d 5 (2d Cir. 1983) ......................................................................................... 16

iv

*Moy v. Terranova,*
    1999 WL 118773 (E.D.N.Y. 1999)......................................................................18

*Nasik Breeding & Research Farm Ltd. v. Mereck & Co., Inc.,*
    165 F. Supp. 2d 514 (S.D.N.Y. 2001)..............................................................18

*Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP,*
    No. 03 Civ. 0613, 2004 WL 112948 (S.D.N.Y. Jan. 22, 2004)...................9

*O'Brien v. Nat'l Prop. Analysts Partners,*
    936 F.2d 674 (2d Cir. 1991)...............................................................................6

*Oklahoma Firefighters Pension & Ret. Sys. v. Student Loan Corp.,*
    2013 WL 3212297 (S.D.N.Y. 2013)....................................................................5

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan
    Stanley Inv. Mgmt. Inc.,*
    712 F.3d 705 (2d Cir. 2013)..........................................................................4, 5

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC,*
    446 F. Supp. 2d 163 (S.D.N.Y. 2006)..............................................................11

*Plount v. Amer. Home. Assur. Co.,*
    668 F.Supp. 204 (S.D.N.Y. 1987) ....................................................................15

*Republic of Philippines v. New York Land Co.,*
    852 F.2d 33 (2d Cir. 1988)................................................................................21

*Rozsa v. May Davis Group, Inc.,*
    152 F. Supp. 2d 526 (S.D.N.Y. 2001)..............................................................13

*Schuler v. Board of Education,*
    2000 WL 134346 (E.D.N.Y. 2000)....................................................................18

*Spool v. World Child Int'l Adoption Agency,*
    520 F.3d 178 (2d Cir. 2008)...............................................................................19

*Star Energy Corp. v. RSM Top-Audit,*
    No. 08 Civ. 00329, 2008 WL 5110919 (S.D.N.Y. Nov. 26, 2008) ...............9

*Swartz v. KPMG LLP,*
    476 F.3d 756 (2d Cir. 2007).............................................................................6, 7

*U.S. v. Turkette,*
    452 U.S. 576 (1981)............................................................................................17

*United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,*
    793 F.Supp. 1114 (E.D.N.Y. 1992) .................................................................16

v

*Wickes v. Belgian American Education Foundation Inc.*,
    266 F.Supp. 38 (S.D.N.Y. 1967)..................................................................21

*Wood v. Gen Motors Corp.*,
    2010 WL 3613812 (E.D.N.Y. 2010)........................................................15, 16

STATE CASES

*Colello v. Collelo*,
    9 A.D.3d 855, 780 N.Y.S.2d 450 (4th Dep't 2004)....................................8

*Cuomo v. Mahopac National Bank*,
    5 A.D.3d 621, 774 N.Y.S.2d 779 (2d Dep't 2004) ....................................8

*Surge Licensing Inc. v. Copyright Promotions Ltd.*,
    258 A.D.2d 257, 685 N.Y.S.2d 175 (1st Dep't 1999) ...............................8

*Wit Holding Corp. v. Klein*,
    282 A.D.2d 527, 724 N.Y.S.2d 66 (2d Dep't 2001) ..................................8

FEDERAL STATUTES

18 U.S.C. § 1961 .............................................................................................17, 19

RULES

F.R.C.P. Rule 8 ........................................................................................................5

F.R.C.P. Rule 9(b)...........................................................................................5, 6, 14

F.R.C.P. Rule 12(b)(6)............................................................................................4

F.R.C.P. Rule 41 ....................................................................................................3

OTHER AUTHORITIES

*Kretzmer v. Lefkowitz, et. al*, 13 Ci. 3060 (ENV) (LB) (E.D.N.Y) ..............................2

Restatement (Second) of Torts § 876(b) (1979) .........................................................11

## PRELIMINARY STATEMENT

It is well-settled that where a complaint is bereft of factual support, and a plaintiff is unable to allege any facts sufficient to support its claims, the complaint should be dismissed with prejudice. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991). Here, we have a complaint that is nothing more than a recitation of the elements of numerous baseless causes of action, supported by mere conclusory statements. As discussed below, this is a paradigmatic case for dismissal with prejudice.

In this action, plaintiff, Simche Steinberger, as Executor of the last Will and Testament and Estate of Tibor Steinberg, claims that numerous defendants, including Care to Care, were all part a large fraudulent scheme to defraud the Decedent. However, no matter how many times Plaintiff says the word fraud or other conclusory statements, this case is simply a commercial transaction between the Decedent, Tibor Steinberger, and Jack Lefkowitz. Simply, the Decedent allegedly agreed to allow Mr. Lefkowitz to hold the Decedent's proceeds from the sale of property in trust. *See* Complaint ¶ 32; Complaint Exhibit B.

Here, Plaintiff alleged a fraudulent scheme based off this potential investment between the Decedent and Mr. Lefkowitz with nothing more than conclusory statements and naming a myriad of Defendants that had no active role in the transaction. One of these Defendants who indisputably had no role in the transaction is Care to Care. Plaintiff does not allege one action taken by Care to Care and even admits that none of monies at issue were ever in the possession of Care to Care. *See* Complaint ¶ 42.

All of Plaintiff's twelve cause of actions are fatally flawed and should be dismissed against Care to Care. Specifically:

1

- Plaintiff's first and second count for fraud and fraud in the inducement should be dismissed because Plaintiff has failed to meet the heightened pleading standards required for fraud, has failed to allege any fraudulent action taken by Care to Care, and failed to plead that the Decedent relied on any of Care to Care's actions.

- Plaintiff's fourth count should be dismissed because Plaintiff has failed to show that Care to Care owes a fiduciary duty to the Decedent.

- Plaintiff's third and fifth count for aiding and abetting must be dismissed because Plaintiff has failed to plead the underlying tort, show that Care to Care had knowledge of the underlying tort, and show that Care to Care substantially aided in the underlying tort.

- Plaintiff's cause of action for a constructive trust should be dismissed because Plaintiff has failed to show there is a confidential or fiduciary relationship between the Decedent and Care to Care, Care to Care made any representation to the Decedent, and that Care to Care has been unjustly enriched.

- Plaintiff's cause of action for conversion must be dismissed because Plaintiff admitted that Care to Care was never in possession of the monies at issue.

- Plaintiff's cause of action for unjust enrichment must be dismissed because Plaintiff admits Care to Care has not been enriched since the monies at issue were never in Care to Care's possession.

- Plaintiff's cause of action for an accounting must be dismissed because Plaintiff has failed to show there is a confidential or fiduciary relationship between Care to Care and the Decedent and Plaintiff admits the monies were never in Care to Care's possession.

- Plaintiff's tenth and eleventh count for RICO violations should be dismissed because of numerous pleading deficiencies;

- Plaintiff's request for a receiver is baseless.

Moreover, it is important that the Court understand the procedural history of this case, since this is Plaintiff's *third* bite at the apple. On May 24, 2013, plaintiff David Kretzmer, "as Assignee of the Attorney-in-Fact of Tibor Steinberger," filed the initial complaint in *Kretzmer v. Lefkowitz, et. al*, 13 Ci. 3060 (ENV) (LB) (E.D.N.Y). Mr. Kretzmer alleged the same claims on

2

behalf of the Decedent alleging that defendants defrauded the Decedent in connection with the contemplated investment with Mr. Lefkowitz. In accordance with Judge Vitaliano's rules, on June 23, 2013, the attorneys for Jack Lefkowitz, Bluma Lefkowitz, Maskil-El Dal, Inc., Maimonides Medical Services, LLC, and Medscan Mobile filed a pre-motion letter regarding their anticipated motion to compel arbitration or, in the alternative, to dismiss the complaint. (Kretzmer Action Doc. No. 16.)

On July 10, 2013, the parties were directed to hold an initial conference before Magistrate Judge Bloom. The parties wrote letter to Magistrate Judge Bloom setting out their positions in advance of that conference. (Kretzmer Action Dec Nos. 14 & 15.) Moreover, at the initial conference, the parties engaged in a lengthy and substantive discussion with the Court. Magistrate Judge Bloom stated that Mr. Kretzmer's standing "raise[d] the red flag for the Court." (Kretzmer Action Doc. No. 19 at 10:23-25.) Counsel for Mr. Kretzmer responded alternatively that Mr. Steinberger's attorneys in fact assigned the claims to Mr. Kretzmer and that Mr. Steinberger "sold the lawsuit to plaintiff before he died." (Id. at 8:8-24.) Magistrate Judge Bloom directed Mr. Kretzmer to file an amended complaint pleading facts demonstrating Mr. Kretzmer's standing. (Id. 13:23-14:13.)

On August 9, 2013, Mr. Kretzmer, this time "as Assignee of Tibor Steinberger," filed a first amended complaint, alleging substantially the same facts and asserting the same claims. On August 23, 2013, another pre-motion letter requesting a pre- motion conference, based on Mr. Kretzmer's continued failure to allege standing, among other things. (Kretzmer Action Doc. No. 28.) Before the Court took any action on that request, Mr. Kretzmer voluntarily dismissed the Kretzmer Action under Fed. R. Civ. P. 41. (Kretzmer Action Doc. No. 29.)

On October 18, 2013, Simche Steinberger, represented by the same attorney who represented Mr. Kretzmer in the Kretzmer Action, filed the complaint in this action, "as Executor of the last Will and Testament and Estate of Tibor Steinberger." Simche Steinberger asserts the very same claims Mr. Kretzmer asserted in the Kretzmer Action. Indeed, other than the allegations regarding the respective plaintiff's standing, Mr. Steinberger's complaint is substantially identical to the first amended complaint in the Kretzmer Action.

Therefore, for the reasons set forth below this Court should dismiss the Complaint with prejudice.

## POINT I

## MOTION TO DISMISS STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570, 127 S.Ct. 1955, 1960, 1974 (2007); *De La Pena v. Metro. Life Ins. Co.*, 2013 WL 3488510, *9 (E.D.N.Y. 2013).  A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949; *Hershey v. Goldstein*, 2013 WL 1431422, *8 (S.D.N.Y. 2013).  Importantly, the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *See Ashcroft* at 678 "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717-18 (2d Cir. 2013).

4

Moreover, Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, *id.* at 717. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *De La Pena v. Metro. Life Ins. Co.*, 2013 WL 3488510, *9 (E.D.N.Y. 2013). Ultimately, where the plaintiff's claims have not been "nudged . . . across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1955, 1960; *Hershey v. Goldstein, supra*; *Oklahoma Firefighters Pension & Ret. Sys. v. Student Loan Corp.*, 2013 WL 3212297, *9 (S.D.N.Y. 2013). Plaintiff has failed to satisfy these well-entrenched standards.

<u>**POINT II**</u>

**PLAINTIFF'S FRAUD CLAIMS ARE CONCLUSORY
AND LACK THE HEIGHTENED PARTICULARITY
<u>ATTENDANT TO FRAUD CLAIMS TO AVOID DISMISSAL</u>[1]**

The first (common law fraud) and second (fraud in the inducement) causes of action in the Complaints should be dismissed because they are not sufficiently particular and instead are merely conclusory recitals of the elements of fraud. Moreover, Plaintiff fails to plead any fraudulent action allegedly taken by Care to Care or that the Decedent relied on any material statement made by Care to Care. Fraud under New York common law requires (1) a material false statement, (2) intent to defraud, (3) reasonable reliance, and (4) damage as a result of such reliance. *See Banque Arabe et Internationale D'Investissement v. Md. Nat'l Bank*, 57 F.3d 146, 153 (2d Cir. 1995). Allegations of fraud are subject to the heightened pleading standard of Rule

---

[1] It is Defendant Care to Care's position that New York State law applies to this action since in paragraph 14 of the Complaint Plaintiff states all alleged actions took place in this venue.

9(b) of the Federal Rules of Civil Procedure, which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

In order to state a claim, a plaintiff must specify (1) the statements, (2) the speaker, (3) the time and place of the statements, and (4) "why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). Additionally, plaintiffs alleging fraud must plead "facts that give rise to a strong inference of fraudulent intent," which "may be established either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Id.* at 290-91.

These heightened pleading requirements serve to "provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from 'improvident charges of wrongdoing,' and to protect a defendant against the institution of a strike suit." *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir. 1991) (*quoting Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990)). Even absent Rule 9(b)'s heightened standard, Plaintiff at a minimum obligated to plead "enough facts to state a claim to relief that is plausible on its face," rather than resting on mere legal conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 564 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Plaintiffs' barebones pleading of their claim charging Care to Care with fraud falls far short of these standards.

Moreover, if there are multiple defendants, the complaint must disclose the specific nature of ***each defendant's*** participation in the fraud; the complaint may not merely lump multiple defendants together. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (2d Cir. 2007);

6

*Apace Communications. Ltd. v. Burke*, 522 F.Supp.2d 509, 517 (W.D.N.Y. 2007); *In re Refco Securities Litigation*, 503 F.Supp.2d 611, 641 (S.D.N.Y. 2007).

Here the alleged fraudulent statement was made by Jack Lefkowitz in the November 11, 2007 letter. *See* Complaint ¶ 55; Complaint Exh. B. First, it is Care to Care' position that the letter is not sufficient to establish fraud and in no way meets the specificity requirement of pleading fraud. However, even if the statement was fraudulent, Plaintiff has failed to allege any fraudulent statement made by Care to Care. Moreover, in Paragraph 62 of the Complaint, Plaintiff admits that the Decedent only relied on the statements upon Jack Lefkowitz. Therefore, Plaintiff's first count, alleging fraud against Care to Care should be dismissed.

Furthermore, to state a claim for fraudulent inducement, a plaintiff must allege that: (1) the defendants knowingly misrepresented or omitted a material fact; (2) the misrepresentation or omission was made for the purpose of inducing the plaintiff to rely on it; (3) the plaintiff justifiably relied on that misrepresentation or omission; and (4) the plaintiff was injured. *See Dooley v. Metro. Jewish Health Sys.*, No. 02-CV-4640, 2003 WL 22171876, at *9-10 (E.D.N.Y. July 30, 2003). Again, Plaintiff has not alleged one fraudulent statement made by Care to Care, but instead groups all defendants together, which warrants dismissal of the second count. *Swartz v. KPMG LLP*, 476 F.3d 756, 764-765 (2d Cir. 2007); *Apace Communications. Ltd. v. Burke*, 522 F.Supp.2d 509, 517 (W.D.N.Y. 2007); *In re Refco Securities Litigation*, 503 F.Supp.2d 611, 641 (S.D.N.Y. 2007).

7

## POINT III

### PLAINTIFF'S FOURTH COUNT FOR BREACH OF
### FIDUCIARY DUTY SHOULD BE DISMISSED BECAUSE
### CARE TO CARE DOES NOT OWE THE DECEDENT A FIDUCIARY DUTY

To establish a cause of action for breach of a fiduciary duty, a plaintiff must establish the existence of a fiduciary relationship, misconduct by defendant, and that such misconduct "induced plaintiff to engage in the transaction in question," directly causing the loss about which plaintiff complains. *Colello v. Collelo*, 9 A.D.3d 855, 780 N.Y.S.2d 450, 454 (4th Dep't 2004). A fiduciary relationship "may exist where one party reposes confidence in another and reasonably relies on the other's superior expertise or knowledge." *Wit Holding Corp. v. Klein*, 282 A.D.2d 527, 529, 724 N.Y.S.2d 66 (2d Dep't 2001).

First, it is Care to Care's position that the Mr. Lefkowitz and the Decedent had an arms-length business and contractual relationship relating to a purely commercial transaction. Under such circumstances the existence of a fiduciary relationship between the parties is precluded as a matter of law. *See In Re Koreag Controle Et Revision S.A.*, 961 F.2d 341, 353 (2d Cir. 1992); *Cuomo v. Mahopac National Bank*, 5 A.D.3d 621, 774 N.Y.S.2d 779, 780 (2d Dep't 2004); *Surge Licensing Inc. v. Copyright Promotions Ltd.*, 258 A.D.2d 257, 258, 685 N.Y.S.2d 175 (1st Dep't 1999).

Second, Plaintiff has again failed to identify with particularity any conduct take by Care to Care that would be considered misconduct. All conduct alleged by the Plaintiff is taken by Jack Lefkowitz. *See* Complaint ¶ 84.

Third, Plaintiff incorrectly and in conclusory language alleges that there was a principal-agent relationship, which would somehow create a fiduciary duty. To allege a principal-agent

8

relationship under New York law, a plaintiff must allege three elements: (1) a manifestation by the principal that the agent shall act for him; (2) acceptance of the undertaking by the agent; and (3) an understanding between the parties that the principal is to be in control of the undertaking. *See Star Energy Corp. v. RSM Top-Audit*, No. 08 Civ. 00329, 2008 WL 5110919, at *2 (S.D.N.Y. Nov. 26, 2008); *Nuevo Mundo Holdings v. PricewaterhouseCoopers LLP*, No. 03 Civ. 0613, 2004 WL 112948, at *4 (S.D.N.Y. Jan. 22, 2004) (same). A complaint "must clearly and specifically articulate allegations of fact which can support the existence of" the alleged relationship. *Nuevo Mundo*, 2004 WL 112948, at *4.

Each required element must connect the agency relationship to the challenged conduct. Accordingly, a plaintiff must allege control over the "undertaking" of the supposed agent. *See, e.g., Star Energy*, 2008 WL 5110919, at *5 ("Control over the [particular] audits performed is required."); *LFD Operating, Inc. v. Ames Dep't Stores, Inc.*, No. 02 Civ. 6271, 2004 WL 1948754, at *4 (S.D.N.Y. Sept. 1, 2004) ("An essential characteristic of an agency relationship is that the agent acts subject to the principal's direction and control. If an alleged agent's acts concerning a certain subject matter cannot be controlled and directed by the principal, there is no agency relationship with regard to the subject matter."), *aff'd*, 144 F. App'x 900 (2d Cir. 2005); *see also In re Shulman Transp. Enters., Inc.*, 744 F.2d 293, 295 (2d Cir. 1984) (requiring control over the particular acts of the alleged agent).

Plaintiff has failed to properly allege this relationship and instead just makes the conclusory statement there is a principal agent relationship. Comp. ¶ 85. Such a conclusory statement warrants dismissal. *See Nuevo Mundo Holdings*, 2004 WL 112948, at *5 (no basis for agency relationship when Plaintiffs merely made a "bald assertion" of such relationship).

9

# POINT IV

## THE THIRD AND FIFTH COUNT FOR
## <u>AIDING AND ABETTING MUST BE DISMISSED</u>

Plaintiff alleges that Care to Care aided and abetted fraud (Count 3) and aided and abetted a breach of fiduciary duty (Count 4). Both causes of action should be dismissed because (a) Plaintiff has failed to plead the underlying tort; (b) Plaintiff has failed to plead how Care to Care knew about the underlying tort; and (c) Plaintiff has failed to show how Care to Care provided substantial assistance to Mr. Lefkowitz.

For an aiding and abetting claim to survive a motion to dismiss, Plaintiff must adequately plead the existence of a primary tort. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 303 (2d Cir. 2006). As discussed above and in Mr. Lefkowitz's motion papers, Plaintiff has not properly plead fraud or a breach of fiduciary duty. Plainly, by just pointing to the November 11, 2007, letter Plaintiff has not adequately alleged any cause of action with the required particularity and specificity. As such, Plaintiff's claims of aiding and abetting fail as a matter of law and must be dismissed.

Moreover, even if Plaintiff's claims arose out of a tort, the Complaint fails to make a prima facie case for civil aiding and abetting under New York law. To make a prima facie case for civil aiding and abetting under New York law, the plaintiffs must show "the existence of . . . violation by the primary party; (2) knowledge of this violation on the part of the aider and abetter; and (3) substantial assistance by the aider and abettor in the achievement of the primary violation. *Dexter v. Massey-Ferguson, Ltd*. 681 F.2d 111,119 (2d Cir. 1982).

For claims of aiding and abetting to survive a motion to dismiss, they must be pled with some level of specificity and may not consist solely of a broad, conclusory repetition of the

elements of aiding and abetting. In this instance Plaintiff does not allege the requisite elements of civil aiding and abetting, much less any specific allegations of fact. In *Morin v. Trupin*, 711 F. Supp. 97, 113 (S.D.N.Y. 1989), the court held allegations that the defendants "providing substantial and encouragement to the other defendants . . . in connection with the breaches by such other defendants of duties owed by them to the plaintiffs" were to broad to be sustained. Here, Plaintiffs' allegations of aiding and abetting are so broad and conclusory as to be meaningless, and as such must be dismissed.

First, Plaintiff's complaint fails to allege that Care to Care knew about the transaction. Knowledge is an element of aiding and abetting fraud. *Pension Comm. of the Univ. of Montreal Pension Plan v. Bane of Am. Sec., LLC*, 446 F. Supp. 2d 163, 201 (S.D.N.Y. 2006); *see also* Restatement (Second) of Torts § 876(b) (1979) (defendant liable for aiding and abetting when he "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself."). Accordingly, Plaintiff has failed to plead specific facts showing that Care to Care knew of Mr. Lefkowitz's actions or allegations that Care to Care actually knew of the alleged tort. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 293 (2d Cir. 2006); *Krause v. Forex Exch. Mkt., Inc.*, 356 F. Supp. 2d 332, 339 (S.D.N.Y. 2005) (plaintiff must allege factual basis for aider-abettor's knowledge). In fact, Plaintiff admits that Care to Care never received any money from Defendant, and therefore, could not have any knowledge the tort. *See* Complaint ¶ 42.

Second, Plaintiff does not allege how Care to Care provided "substantial assistance to Mr. Lefkowitz. Plaintiff only makes conclusory allegations that the Defendants made false statements, without alleging one specific statement, Care to Care using conclusory words that Care to Care "acted in concert by rendering substantial assistance" (*See* Complaint ¶ 76) or that

11

"Defendants, acting jointly, severally and together in concert, participated, assisted, aided and abetted in the brach of Defendant Jack Lefkowitzs'[sic] breach of his fiduciary duties." *See* Complaint ¶ 92. Furthermore, nowhere else in the Complaint does the Plaintiff provide any further allegations related to Care to Care's "substantial assistance."

Therefore, such conclusory allegations fall woefully short of the required particularity and specificity necessary to with stand a motion to dismiss. Consequently, Plaintiff's conclusory allegations of aiding and abetting fail to meet the requisite standards required by the Federal Rules of Civil Procedure and as such the Complaint must be dismissed as to Count 3 and 5 for failure to state a cause of action.

## POINT V

### PLAINTIFF'S CAUSE OF ACTION FOR A CONSTRUCTIVE TRUST MUST BE DISMISSED

"[U]nder New York law, a party claiming entitlement to a constructive trust must ordinarily establish four elements: (1) a confidential or fiduciary relationship; (2) a promise, express or implied; (3) a transfer made in reliance on that promise; and (4) unjust enrichment. *Koreag, Controle et. Revision S.A.*, 961 F.2d 341, 352 (2d Cir. 1992). Plaintiff has failed to sufficiently plead these elements and therefore, this court should dismiss the sixth count against Care to Care.

The constructive trust claim fails for three independent reasons. First, as discussed above, Plaintiffs have not alleged any facts to establish a fiduciary relationship. They simply conclude that a fiduciary relationship exists. *See* Complaint ¶ 97. Such conclusory allegation fall woefully short.

Second, Plaintiffs have not alleged that Care to Care has made any statement or promise to the Decedent.

Third, Plaintiff's are not entitled to a constructive trust because they cannot state a claim for unjust enrichment against Care to Care. Plaintiff admits that Care to Care does not have or ever did have the any money that was allegedly stolen in this action. *See* Complaint ¶ 42 Therefore, it is legally impossible for Care to Care to be unjustly enriched.

## POINT VI

### PLAINTIFF'S CAUSE OF ACTION FOR CONVERSION MUST BE DISMISSED

To withstand a motion to dismiss a conversion claim, a plaintiff must allege:

> (1) an actionable wrong other than breach of contract caused plaintiff's injury; (2) plaintiff had ownership of the funds at the time they were converted; (3) defendant exercised unauthorized dominion over the funds; (4) the funds were specific and identifiable; and (5) the defendant was to have treated the funds in a particular manner but they were not so treated.

*Rozsa v. May Davis Group, Inc.*, 152 F. Supp. 2d 526, 534 (S.D.N.Y. 2001).

Here, Plaintiff admits Care to Care never had dominion over the funds. *See* Complaint ¶ 42. Therefore, Plaintiff's Seventh count against Care to Care must be dismissed.

## POINT VII

### PLAINTIFF'S CAUSE OF ACTION FOR UNJUST ENRICHMENT MUST BE DISMISSED

The basic elements of an unjust enrichment claim in New York require proof that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Here, Plaintiff admits that Care to Care never received the funds at issue. *See* Complaint ¶ 42. Therefore, Plaintiff

13

failed to allege Care to Care was enriched and Plaintiff's eighth count against Care to Care should be dismissed.

## POINT VIII

### PLAINTIFF'S REQUEST FOR AN ACCOUNTING SHOULD BE DENIED

Under New York Law, in order to properly plead an accounting a plaintiff must allege "(1) a relationship of a fiduciary or confidential nature; (2) money or property entrusted to the defendant imposing upon him the burden of accounting; (3) the absence of an adequate legal remedy; and (4) in some cases, a demand for an accounting and a refusal." *Matsumura v. Benihana National Corp.*, No. 06 Civ. 7609, 2007 WL 1489758, at *4 (S.D.N.Y. May 21, 2007) (*citing 300 Broadway Realty Corp. v. Kommit*, 37 Misc.2d 325, 325, 235 N.Y.S.2d 205, 206 (Albany Sup.Ct.1962)). This should be dismissed for two reasons. First, as discussed above Plaintiff has failed to please a fiduciary or confidential relationship between Care to Care and the Decedent. Second, Plaintiff admits the money at issue was never in Care to Care's possession. *See* Complaint ¶ 42. Therefore, Defendant's ninth count against Care to Care should be dismissed.

## POINT IX

### PLAINTIFF'S CIVIL RICO CLAIMS MUST BE DISMISSED

Where a RICO claim is based on allegations of fraud, such allegations must be pled with the particularity requirements of Rule 9(b) of the Federal Rules. *See Lundy v. Catholic Health*

*Sys. of Long Island, Inc.*, 711 F.3d 106, 119-20 (2d Cir. 2013); *Gregoris Motors v. Nissan Motor Corp. Intl. USA*, 630 F.Supp. 902, 912 (E.D.N.Y. 1986).[2]

Conclusory allegations of fraud are therefore insufficient to plead a civil RICO claim. *Anatian v. Coutts Bank Ltd.*, 193 F.3d 85, 88 (2d Cir. 1999); *Jones v. Nat'l Comm'cn and Surveillance Networks*, 409 F. Supp. 2d 456, 474 (S.D.N.Y.2006). Rather, under the heightened particularity attendant to RICO pleadings, a claim of mail or wire fraud must specify the content, date and place of any alleged misrepresentation and the identity of the persons making and receiving them. *Wood v. Gen. Motors Corp.*, 210 WL 3613812 (E.D.N.Y.); *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 323 (E.D.N.Y. 2004). "[T]he complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which the plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements" *See Lundy* at 119-120. Also, a plaintiff is required to specify why the communications were fraudulent. *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (1999).

Moreover, where, as here, a plaintiff asserts a fraud-based RICO claim against multiple defendants, each of the predicate acts must be plead with particularity as ***to each defendant*** to inform each as to the nature of their alleged participation in the fraud. *See DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

---

[2] Indeed, where a RICO claim is pursued, "the concerns that dictate that fraud be pleaded with particularity exist with even greater urgency in civil RICO actions . . . " *See Plount v. Amer. Home. Assur. Co.*, 668 F.Supp. 204, 206 (S.D.N.Y. 1987). This is because (1) "merely bringing a RICO action against a defendant can unfairly stigmatize him as a racketeer, . . . increase[ing] the leverage of plaintiffs who are bringing such suits." and (2) "the civil RICO has resulted in a flood of what are and should be state court cases that are being reframed and brought in federal court as RICO actions because of the carrot of treble recovery and the availability of a federal forum." *Id.* at 205.

These heightened and demanding pleading standards were violated by Plaintiff, a conclusion that warrants dismissal of the RICO claim. As discussed above, Plaintiff has not sufficiently met these heightened pleading standards and has failed to identify one act taken by Care to Care which would constitute fraud.

Moreover, Plaintiff has failed to meet the pleading requirements for a RICO action. To plead a valid civil action under RICO, a plaintiff must allege "(1) the defendant's violation of § 1962; (2) an injury to the plaintiff's business or property; and (3) causation of the injury by the defendant's violation." *Commercial Cleaning Servs. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 380 (2d Cir 2001); *Wood v. Gen Motors Corp.*, 2010 WL 3613812, *4 (E.D.N.Y. 2010).

To satisfy the first prong, a plaintiff must adequately allege that the defendant's conduct fits squarely within seven elements mandated by the Second Circuit in *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983): "(1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise (7) the activities of which affect interstate commerce." To meet the other two prongs (RICO injury and causation), a plaintiff must sufficiently plead that he was "injured in his business or property by reason of a violation of § 1962." *City of New York v. Smokes- Spirits.com, Inc.*, 541 F.3d 425, 439 (2d Cir. 2008); *Wood v. Gen. Motors Corp., supra.*

Each of the nine elements of a civil RICO claim must be pled in a "tightly particularized" and connected fashion within the complaint. Most importantly, a plaintiff's failure to adequately allege **any single factor** as to each ***individually-named defendant*** requires dismissal of the cause of action. *Albany Ins. Co. v. Esses*, 831 F.2d 41, 44 (2d Cir. 1987); *United States v. Private*

16

*Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 793 F.Supp. 1114, 1126 (E.D.N.Y. 1992);

*Gregoris Motors v. Nissan Motor Corp. Intl. USA*, 630 F.Supp. 902, 913 (E.D.N.Y. 1986).

Here, Plaintiff's Complaint suffers from several fatal deficiencies that mandate dismissal.

First, the Plaintiff has failed to allege a RICO enterprise. A racketeering "enterprise" is defined

as "any individual, partnership, corporation, association, or other legal entity, and any union or

group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). To

allege the existence of a RICO enterprise, a plaintiff must plead that the defendants are engaged

in "an ongoing organization, formal or informal, . . . that . . . function[s] as a continuing unit."

*See U.S. v. Turkette*, 452 U.S. 576, 583 (1981). There must also be allegations evidencing "a

kind of chain of command or functional integration, as is typical of a classic RICO enterprise,"

as well as allegations indicating an "ascertainable structure." *See Bank v. Brooklyn Law School*,

2000 WL 1692844 *4 (E.D.N.Y. 2000). Furthermore, pleading a RICO enterprise requires "solid

information regarding the 'hierarchy, organization and activities' of [the] alleged association-in-

fact enterprise . . . from which we could fairly conclude that its members functioned as a unit,"

and a showing that the structure of the enterprise is distinct and separate from the pattern of

racketeering activity. *See First Capital Asset Mgmt., Inc. v. Saintwood, Inc.*, 385 F3d 159, 174-

75 (2d Cir 2004).

Dismissal is required because Plaintiff has failed to plead sufficiently the requisite

"enterprise" element.   Plaintiff has not pled facts showing that Defendants operated as a

"continuing unit" (*see U.S. v. Turkette, supra*), with a definable "chain of command or functional

integration" and an "ascertainable structure" or hierarchy.  *See Bank v. Brooklyn Law School*,

*supra*.  Nor has Plaintiff alleged facts showing an enterprise structure that is distinct and separate

from the pattern of racketeering activity (*id* at *4) or an enterprise that is "distinct from the

2762675v.2

person conducting the affairs of the enterprise. *See First Capital Asset Mgmt., Inc. v. Saintwood, Inc.* at 173; *see also Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161-62 (2001). Moreover, Plaintiff's conclusory statement regarding the "enterprise" is legally insufficient to establish this element and withstand dismissal. *See Choi v. Kim*, 2006 WL 3535931 at *7 (E.D.N.Y. 2006). Plaintiff has also failed to establish how and when the alleged "enterprise" was formed.

Essentially, all that Plaintiff has done is name innumerous defendants and allege that in some way they served as participants in an "enterprise." *See* Complaint at ¶ 124-125. But the "conclusory naming of a string of entities" is insufficient as a matter of law to plead the "enterprise" element. *See Nasik Breeding & Research Farm Ltd. v. Mereck & Co., Inc.*, 165 F. Supp. 2d 514, 539-40 (S.D.N.Y. 2001). Likewise, an association-in-fact enterprise is not alleged every time a specified combination of individuals (or entities) is alleged to have acted in concert to commit so-called racketeering acts. *See Hefferman v. HSBX Bank USA*, 2001 WL 803719 at *5 (E.D.N.Y. 2001).

Because Plaintiff's allegations are insufficient as a matter of law to establish an "enterprise" involving the Care to Care, dismissal of the RICO claims is required. *See Amsterdam Tobacco Inc. v. Philip Morris Inc.*, 107 F. Supp. 2d 210, 214-15 (S.D.N.Y. 2000) (insufficient allegations of "an ongoing organization" involving Philip Morris which functioned as a "continuing unit."); *Schuler v. Board of Education*, 2000 WL 134346 at *16-17 (E.D.N.Y. 2000) (enterprise not sufficiently stated where plaintiffs alleged a "chain conspiracy" to misuse taxpayer dollars and "Plaintiff's complaint [was] devoid of any factual allegations that would support a finding that the . . . defendants, the Commissioner and the CSEA constituted any form of ongoing organization or functioned as a continuing unit."); *Moy v. Terranova*, 1999 WL

18

118773 at *5 (E.D.N.Y. 1999) (enterprise not sufficiently alleged where, other than defendant's ownership interests or affiliations with a number of companies alleged to comprise the enterprise, the complaint "fail[ed] to offer any allegations regarding the continuity or structure of the group or how the entities joined together; indeed, the complaint does not even allege that the group's participants shared a common purpose . . . Plaintiffs' conclusory 'naming of a string of entities' does not adequately allege an enterprise . . . ").

Second, Plaintiff fails to plead a pattern of racketeering activity against Care to Care. The law requires that, to plead a "pattern" of racketeering activity, which is defined as "at least two acts of racketeering activity," (*see* 18 U.S.C. § 1961), the complaint must delineate facts showing "that the predicate acts of racketeering activity by a defendant are related, and that they amount to or pose a threat of continued criminal activity." *See Cofacredit, S.A. v Windsor Plumbing Supply Co.*, 187 F.3d 229, 242 (2d Cir. 1999). The continuity requirement is satisfied only by pleading either: (a) a series of related predicate acts extended over a substantial period of time; or (b) a pattern of racketeering activity that poses a threat of continued criminal conduct beyond the period during which the predicate acts were allegedly undertaken. *See Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). Conclusory allegations of a "pattern" are legally insufficient, and a plaintiff must allege a "pattern" of racketeering activity as to each named defendant. *See De Falco v. Bernas*, 244 F.3d 286, 306 (2d Cir. 2001); *Hoatson v. New York Archdiocese*, 2007 WL 431098, *3 (S.D.N.Y. 2007).

Here, Plaintiff has failed to allege with particularity how Care to Care during a period of at least two years, engaged in a pattern of racketeering. Plaintiff has failed even minimally to allege with specificity which predicate acts were performed by Care to Care and when. *Hoatson v. New York Archdiocese*, 2007 WL 431098 (S.D.N.Y. 2007) aff'd, 280 F. App'x 88 (2d Cir.

19

2008)(dismissal). Moreover, it is notable that, when Plaintiff describes the patter of racketeering activity, Plaintiff does not name Care to Care. *See* Complaint ¶ 133-136. Therefore, the tenth count for civil RICO violations must be dismissed

## POINT X

## PLAINTIFF FAILS TO STATE A CLAIM FOR RICO CONSPIRACY

As a threshold matter, Plaintiff's failure to plead facts sufficient to establish statutory standing under RICO also requires dismissal of Plaintiff's RICO conspiracy claims. *See Knoll v. Schectman*, 275 Fed.Appx. 50, 51 (2d Cir.2008); *DLJ Mortgage Capital, Inc. v. Kontogiannis*, 726 F. Supp.2d 225, 238 (E.D.N.Y. 2010). Likewise, the conspiracy claim must be dismissed as a matter of law given the myriad fatal pleading deficiencies cited above affecting the substantive RICO claims. *See Crab House of Douglaston Inc. v. Newsday, Inc.*, 418 F. Supp. 2d 193, 212 (E.D.N.Y. 2006); *FD Property Holding, Inc. v. U.S. Traffic Corp.*, 206 F. Supp. 2d 362, 373 (E.D.N.Y. 2002).

Furthermore, Plaintiff's conspiracy claim contains other pleading flaws mandating dismissal. "[T]he core of a RICO civil conspiracy is an agreement to commit predicate acts." *See Hecht v. Commerce Clearing House*, 897 F.2d 21, 25 (2d Cir. 1990). To properly allege RICO conspiracy, plaintiff must provide "some factual basis for a finding of such an agreement. *See id.* at fn.4. "[A] RICO conspiracy allegation should be more than a conlusory add-on to the end of a complaint. It should state with specificity what the agreement was, who entered into the agreement, when the agreement commenced, and what actions were taken in furtherance of it." *See FD* at 373 (E.D.N.Y.). Where a plaintiff fails to provide such detail, including allegations showing how each individual defendant knowingly agreed to participate in the conspiracy, conclusory claims of conspiracy will be dismissed, particularly where there are allegations of

20

fraud that require a higher degree of particularity. *Com-Tech Assocs. v. Computer Assocs. Int'l.*, 753 F.Supp. 1078, 1092 (E.D.N.Y. 1990), *aff'd*, 938 F2d 1574 (2d Cir. 1991).

Here, Plaintiff asserts nothing more than bare, conclusory allegations of a conspiracy among the Defendants, alleging in factually barren style, that: "the Defendants, and each of them, agreed to conduct and participate in the conduct of the affairs of the enterprise, directly and indirectly, through a pattern of 'Racketeering Activity'" *See* Complaint at ¶ 143. Plaintiff goes on to list a myriad possible RICO violations, without describing one incident when Care to Care has took part in any RICO violation. Plainly, these allegations do not properly plead an "agreement" among Care to Care and any defendant to participate in the alleged conspiracy, nor is there any specificity as to any single time Care to Care undertook any action in furtherance of the conspiracy. Plaintiff's pleading amounts to nothing more than the type of boilerplate "add-on" that the Courts have found deficient as a matter of law.

## POINT XI

## PLAINTIFF'S REQUEST FOR A RECEIVER SHOULD BE DENIED

The Second Circuit has explained that the appointment of a receiver is an extraordinary remedy, which "should only be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property." *Republic of Philippines v. New York Land Co.*, 852 F.2d 33, 36 (2d Cir. 1988); *Fortress Credit Corp. v. Alarm One Inc.*, 511 F. Supp.2d 367, 371 (S.D.N.Y. 2007) (a receivership is an "extraordinary remedy that should be employed with great caution"); *Wickes v. Belgian American Education Foundation Inc.*, 266 F.Supp. 38, 40 (S.D.N.Y. 1967) (the appointment of a receiver "is, like an injunction, an extraordinary remedy, and out never to be made except in cases of necessity, and upon a clear showing that ... emergency exists, in order to protect the interests of the plaintiff in the

21

property"). Stated differently, the "power to appoint receivers should be exercised not as a matter of course but cautiously, circumspectly and always upon proof that the appointment is absolutely necessary." *In re Oakland Lumber Co.*, 174 F. 634, 637 (2d Cir. 1909).

Plainly, Plaintiff has made no showing that a receiver is necessary to protect Plaintiff's interests in any property. In his moving papers, Plaintiff claims a receiver of the assets of the Defendants should be appointed to prevent any dissipation." *See* Complaint ¶ 147. This statement, without further proof or evidence, does not demonstrate that there is a "clear necessity" to appoint a receiver for protection of plaintiff's property

## **CONCLUSION**

For the reasons set forth above, Care to Care respectfully request that the Court Dismiss the Complaint against them, in its entirely, with prejudice, together with such other relief as this Court deems just and proper.  Dismissal should be with prejudice, given this is Plaintiff's third opportunity to file this Complaint.  Having been provided ample opportunities to remedy the flaws in its pleading, Plaintiff should not be granted further opportunity, particularly given the costs incurred by Care to Care to date in responding to this baseless lawsuit.

Dated: Great Neck, New York      GARFUNKEL WILD, P.C.
       January 31, 2014

                      By: _____
                              Roy W. Breitenbach, Esq.
                              Michael J. Keane, Jr., Esq.
                111 Great Neck Road
                Great Neck, New York 11021
                (516) 393-2200
                *Attorneys for Defendant Care to Care Management, LLC*

2762675v.2